Brian A. Wilkins
2800 University Avenue #420-296
West Des Moines, IA 50266
515-371-4013
support@veracityobjectives.com
Pro Se Plaintiff

FILED
JUN 14 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

BRIAN A. WILKINS,

    Plaintiff,

vs.

PAYPAL, INC.,

    Defendant

CASE NO:

C 23 02931

PETITION TO VACATE AND CORRECT ARBITRATION AWARD, AND DECLARATORY RELIEF

1. PayPal, Inc. ("PayPal") began taking direct orders from members of the U.S. House of Representatives, the Anti-Defamation League ("ADL"), and Google in July 2021, related to de-platforming websites they deemed "extremist" and/or "spreading COVID-19 misinformation." **See Exhibit A - Letter from U.S. Congressmen to PayPal CEO; and Exhibit B - PayPal partnership with ADL**.

2. The Plaintiff's website, thecovidblog.com ("The COVID Blog®") was launched in January 2021 and quickly garnered a worldwide audience. PayPal and Venmo were the primary means for collecting donations and payments to keep the site funded and running. Less than two weeks after PayPal's announced partnership with the ADL and

PETITION - 1

Google, on August 9, 2021, PayPal banned The COVID Blog® from its platform, citing "restricted activities" in violation of its acceptable use policy (AUP).

3. That led to 19 months of legal back and forth, culminating in an arbitration award that is inconsistent with the protection of the Plaintiff's statutory rights and conflicts with explicit California legislative expression of public policy.

## JURISDICTION

4. This Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332 and 2201. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1). PayPal is headquartered in San Jose, California.

5. The PayPal User Agreement provides no specific jurisdictional statement for petitions to vacate arbitration awards, except that "the Federal Arbitration Act (FAA) governs the interpretation and enforcement of this Agreement to Arbitrate." The FAA provides that the proper court is "the United States court in and for the district wherein the award was made..." 9 U.S. Code § 10(a).

6. All arbitration proceedings herein were held virtually via email and telephone calls, and in no particular federal court district. Since there is no specific district where the arbitration award was made, and because of this Court's personal jurisdiction over PayPal, the diversity subject matter jurisdiction herein, and the arbitration agreement originated in California (CA Civ. Pro. Code § 1293 (2020)), this Court is the proper forum.

## PARTIES

7. Plaintiff Brian A. Wilkins ("Wilkins" or "Plaintiff") is a natural person and resident of three states (Iowa, Arizona and Nevada). He is the owner of Veracity Objectives, LLC.[1]

8. PayPal, Inc. is a Delaware corporation with a principal place of business at 2211 North First Street; San Jose, California 95131.

## BRIEF HISTORY AND LEGAL BACKGROUND

9. Plaintiff has grounds for asking this Court to vacate and correct the arbitration award because the arbitrator exceeded his powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. California Code Civ. Proc. § 1286.2(a)(4).

10. The Plaintiff has a statutory right to opt-out of unwanted, spam emails sent from a California-based company, for any reason he chooses (see Cal. Bus. & Prof. Code § 17529(l)), particularly when PayPal voluntarily and on its own volition, terminated the business relationship between the two parties on August 9, 2021.

11. Further, PayPal was contractually obligated, pursuant to its Electronic Communications Delivery Policy, to cease sending the unwanted, spam emails to the Plaintiff after he told them THREE TIMES in August and September 2021 to stop sending the spam emails. See **Exhibit C - PayPal Electronic Communications**

---

[1] The PayPal account at issue herein was under the names of Veracity Objectives, LLC. and Brian Wilkins. The American Arbitration Association deemed this case to be a consumer arbitration (individual), not a commercial arbitration.

PETITION - 3

**Policy; Exhibit D - August 17, 2021 email to PayPal; Exhibit E - August 22, 2021 Internal message to PayPal; Exhibit F - September 8, 2021 email to PayPal.**

12. PayPal sent the Plaintiff a total of 96 spam emails from August 2021 to May 2022, including several after being served a Notice of Claim in November 2021, and after the commencement of arbitration in March 2022. **See Exhibit G - PayPal 96 Spam Emails**[2]. Thus, pursuant to Cal. Bus. & Prof. Code § 17529.5(B)(ii), Plaintiff is entitled to liquidated damages of $1,000 per unwanted, unauthorized spam email, or $96,000.

## ARBITRATION PROCEEDINGS

13. Plaintiff, pursuant to the PayPal User Agreement, commenced arbitration with the American Arbitration Association ("AAA") on March 3, 2022 for breach of contract (failure to cease sending spam emails after the Plaintiff opted out three times pursuant to PayPal's Electronic Communications Policy) and violations of the foregoing California Business & Professional Code. See **Exhibit P - Demand For Arbitration**[3]. PayPal answered with counterclaims seeking over $300,000, alleging that the Plaintiff was "selling a cure for COVID-19" on his website. PayPal alleged that the Plaintiff violated its AUP 140-plus times, and owed them $2,500 per violation. **See**

---

[2] The 96 spam emails contain confidential customer account information. The emails were meant to harass and belittle the Plaintiff, telling him things like "You didn't get your money" from customers and monthly donors. Plaintiff, at the Court's request, will file copies of all 96 spam emails under seal to protect third party information and prevent injuries to said third parties.

[3] Plaintiff dropped claims related to Nevada spam laws.

PETITION - 4

**Exhibit O - PayPal Answer and Counterclaims**[4]. PayPal also alleged that the Plaintiff was "spreading COVID-19 misinformation."

14. The arbitration proceedings were delayed several times due to PayPal's attempts to leverage the arbitrators in its favor. PayPal counsel Tara Z. Hall and the first arbitrator, Stephen D. Marso, failed to disclose business and social relationships. Plaintiff moved to dismiss Marso due to evident partiality. See **Exhibit H - Evident Partiality**. Marso had denied the Plaintiff's discovery requests, which is what prompted the investigation. The AAA removed Marso on September 21, 2022. **See Exhibit I - Marso removed**.

15. The second arbitrator, Mollie Palowsky, is essentially Hall's best friend. The AAA removed her on November 8, 2022. See **Exhibit J - Palowsky removal**. Plaintiff requested a California-based arbitrator thereafter, but was denied. The Plaintiff still had no opportunity at discovery in this case due to the first arbitrator disallowing it and the final arbitrator upholding that decision. Thus the Plaintiff's right to fair proceedings were also violated due to the arbitrators' refusal to hear evidence material to the controversy. California Code Civ. Proc. § 1286.2(5).

16. The arbitrator issued an order of dismissal on February 23, 2023. The arbitrator acknowledged that the Plaintiff "attempted to stop PayPal from sending these emails but was unsuccessful." **See Exhibit K - Arbitration dismissal order, paragraph 3**.

---

[4] It appears PayPal quietly removed its policy of $2,500 per violation of AUP sometime in early 2023 after major backlash and, likely, after the arbitrator herein ruled that the provision was unenforceable. Here is an archived link to the AUP with the $2,500 policy. https://web.archive.org/web/20221008062017/https://www.paypal.com/us/legalhub/acceptableuse-full. And here is the most recent link. https://www.paypal.com/us/legalhub/acceptableuse-full. However, there are many different pages and links to PayPal user agreements, and said provision may still exist somewhere.

PETITION - 5

17. The arbitrator further ruled, "The email communications received by Wilkins were not spam or advertising, but rather, were legitimate and reasonable communications with Wilkins concerning his account and the trailing consequences of his internet sales. PayPal had no choice in this regard, as they continued receiving payments from Wilkins' customers." *Id.*

18. Thus the arbitrator ruled, in contradiction of himself and exceeding his power, that the Plaintiff had no right to opt-out of the spam emails, despite California law clearly stating otherwise. Further, PayPal voluntarily and on its own volition, terminated the business relationship between itself and the Plaintiff. There was no further need to communicate with the Plaintiff thereafter, particularly since the Plaintiff told PayPal THREE TIMES to stop sending the unauthorized spam emails.

19. The arbitrator ruled that PayPal did not breach its contract because "there has been no showing Paypal breached any provision in the parties' agreement." *Id.* Paragraph 4.

20. PayPal's Electronic Communications Delivery Policy clearly states that the Plaintiff may "withdraw [your] consent to receive Communications electronically by… contacting us via the 'Contact Us' link at the bottom of each page of the PayPal website." See Exhibit C. Plaintiff did exactly that on August 22, 2021. See Exhibit E. Plaintiff also sent two additional emails to PayPal, telling them to stop sending the harassing, spam emails.

21. PayPal's primary defense against the Plaintiff's claims was its Delaware choice-of-law provision in the User Agreement[5]. Plaintiff, in his counter-motion for summary

---

[5] PayPal User Agreement. https://www.paypal.com/us/legalhub/useragreement-full#s6-agreement-arbitrate

PETITION - 6

judgment on October 4, 2022, argued, among other things, that the Delaware choice-of-law provision is unenforceable because its sole purpose is to "circumvent [California] state policy-based contractual prohibitions through the promiscuous use of such [choice-of-law] provisions," and that said promiscuous use of these provisions "would eliminate the right of the default state to have control over enforceability of contracts concerning its citizens." *Ascension Ins. Holdings, LLC v. Underwood*, C.A. No. 9897-VCG, 6 (Del. Ch. Jan. 28, 2015). **See Exhibit L - Motion for Summary Judgment.**

22. The arbitrator not only dismissed the foregoing altogether, but also had no power to issue declaratory relief anyway, as the Plaintiff wanted.

23. The only thing the arbitrator got correct was dismissing PayPal's counterclaims seeking $300,000-plus. The arbitrator ruled, "This provision is not a proper or valid liquidated damages clause. The PayPal customer agreement is a penalty and cannot be enforced." See Exhibit K - Paragraph 7. But PayPal, continuing to display more evident partiality with the arbitrators, asked and was granted edits to the dismissal order, particularly removing the foregoing Paragraph 7 in the original order because it was "clerical error." **See Exhibit M - March 31, 2023 Amended Dismissal Order; See Exhibit N - PayPal Request to Amend Dismissal Order.** The entire arbitration process was skewed in PayPal's favor from the very beginning, culminating in PayPal being able to choose the specific verbiage in the final dismissal order. The proceedings were never impartial or fair throughout. PayPal, however, essentially admitted that it bought the frivolous counterclaims only to complicate what is the simple matter of the Plaintiff's claims herein.

24. The final edited award was issued on March 31, 2023, and the Plaintiff had until June 30, 2023 to file the instant petition. *Stevens v. Jiffy Lube Int'l*, 2018 WL 6802644 (9th Cir. Dec. 27, 2018).

## ARBITRATION AWARD MUST BE REVIEWED DE NOVO AND VACATED

25. Plaintiff hereby incorporates Paragraphs 1 to 24 as though set forth fully herein.

26. California State Senator Kevin Murray, D-Culver City, authored and sponsored SB 186, now codified as Cal. Business & Professions Code § 17529 *et seq*. He stated in 2003 when the law was passed, "we are saying that unsolicited e-mail cannot be sent and there are no loopholes." See Exhibit L.

27. Both PayPal and the arbitrator continually quibbled over whether or not the 96 unwanted, unauthorized spam emails sent by PayPal to the Plaintiff, who never consented to receiving said emails, were "advertisements" by the definition of the foregoing statute. Regardless, the Plaintiff had both the statutory and contractual right to opt-out of said emails, which he did THREE TIMES. But PayPal continued sending the emails unabated. PayPal terminated the business relationship with the Plaintiff on August 9, 2021. The Plaintiff first withdrew consent for PayPal to continue sending spam emails first on August 17, 2021 and two more times within the next several weeks.

28. The arbitrator revoked the Plaintiff's statutory right to opt-out of spam emails sent by PayPal. PayPal breached its own contract by continually sending said emails after the Plaintiff opted out.

29. Plaintiff did not opt-in to receive e-mails from PayPal. He specifically opted-out several times after PayPal terminated the business relationship. Even if the Plaintiff


had opted in to receive e-mails from PayPal due to the previous business relationship that was terminated by PayPal on August 9, 2021, he specifically opted-out thereafter and thus did not provide direct consent to PayPal to continue sending the spam emails. See *Balsam v. Trancos Inc.*, 203 Cal. App. 4th 1083, 1099-1100 (1st Dist. 2012).

30. An arbitrator exceeds their power "by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." *Brown v. TGS Management* Co., 57 Cal. App. 5th 303 (2020), citing *Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 916.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays this Court, upon de novo of this arbitration, grants the following relief:

A. Declaratory relief, declaring that the PayPal Delaware choice-of-law provision in its User Agreement exists only to circumvent California law and public policy, and is thus invalid and unenforceable.

B. Declaratory relief, affirming the arbitrator's original verbiage from the February 23, 2023 award that states PayPal's AUP and its $2,500 per violation policy "is not a proper or valid liquidated damages clause. The PayPal customer agreement is a penalty and cannot be enforced."

C. Declaratory relief, declaring that California public policy provides consumers the right to opt-out of spam email campaigns originating from California-based companies.

D. Award the Plaintiff $96,000 for the 96 violations of Cal. Bus. & Prof. Code § 17529.5(B)(ii).

E. Award the Plaintiff all costs related to filing and serving the instant lawsuit.

ON THIS _____9th_____ DAY OF JUNE, 2023.

/s/ Brian A. Wilkins

Brian A. Wilkins
2800 University Avenue #420-296
West Des Moines, IA 50266
515-371-4013
support@veracityobjectives.com
Pro Se Plaintiff

PETITION - 10