UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN A. WILKINS,<br><br>        Petitioner,<br><br>    v.<br><br>PAYPAL, INC.,<br><br>        Respondent. | Case No.  23-cv-02931-VKD<br><br>**ORDER DENYING PETITION TO VACATE ARBITRATION AWARD**<br><br>Re: Dkt. No. 13 |

Petitioner Brian A. Wilkins, who is representing himself, asks the Court to vacate an arbitration award resulting from a dispute with respondent PayPal, Inc. ("PayPal").[1] He argues that the award violates several provisions of California law.  PayPal opposes Mr. Wilkins's petition, arguing that it is untimely and that he has not met the standard for vacatur of an arbitration award under the Federal Arbitration Act, 9 U.S.C. 1, *et seq*. ("FAA").  Dkt. No. 17. The Court held a hearing on the matter on August, 15, 2023.  Dkt. No. 22.

Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court denies Mr. Wilkins's petition.

**I.    BACKGROUND**

Unless otherwise noted, the following facts are not disputed.

Mr. Wilkins is a resident of Iowa, Arizona, and Nevada.[2]  Dkt. No. 13 ¶ 7.  PayPal is a

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 15.

[2] Mr. Wilkins is also the sole owner of Veracity Objectives, LLC, which is incorporated in New Mexico.  Dkt. No. 13 ¶ 7; Dkt. No. 13-1 at 73-74.  He brought the arbitration in the name of Veracity Objectives, but the arbitrator treated the case as an individual claim by Mr. Wilkins.  Dkt.

1   Delaware corporation with a principal place of business in California.  *Id.* ¶ 8.  In view of the

2   amount in controversy, the parties agree that the Court has diversity jurisdiction of this matter

3   pursuant to 28 U.S.C. § 1332(a).  *See Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th

4   Cir. 2005).

5         In January of 2021, Mr. Wilkins launched a website called "The COVID Blog."  Dkt. No.

6   13 ¶ 2.  He used PayPal's platform to collect "donations and payments."  *Id.*  On August 9, 2021,

7   PayPal stopped processing payments for Mr. Wilkins's website, claiming that he had violated the

8   company's acceptable use policy by "running a blog that promulgated misleading information

9   about COVID-19, including anti-COVID statements about masks and hydroxychloroquine" and

10  "selling white pine needles . . . marketed . . . as a prevention and/or cure of the COVID-19 virus."

11  Dkt. No. 13-1 at 65.

12        After PayPal limited Mr. Wilkins's account, the company continued to receive payments

13  from others directed to Mr. Wilkins.  *Id.*  Each time this occurred, PayPal sent Mr. Wilkins an

14  email notifying him of the payment.  *Id.; see also id.* at 13, 18.  Mr. Wilkins received a total of 96

15  such emails between August of 2021 and May of 2022.  Dkt. No. 13 ¶ 12.  On three occasions in

16  August and September of 2021, Mr. Wilkins sent messages to PayPal asking the company to stop

17  sending him "spam emails."  *Id.* ¶ 11; Dkt. No. 13-1 at 13, 16, 18.

18        On March 3, 2022, Mr. Wilkins sent PayPal a demand for arbitration, asserting claims for

19  breach of contract and for violations of California and Nevada anti-spam laws, Cal. Bus. & Prof.

20  Code § 17529 and Nev. Rev. Stat. § 41.730.  *Id.* at 73-81.  He requested $136,500 in statutory

21  damages.  *Id.* at 80.  In response, PayPal filed a counterclaim for breach of contract against Mr.

22  Wilkins.  Dkt. No. 13 ¶ 13; Dkt. No. 13-1 at 68-70.  Citing provisions of its user agreement that

23  barred the use of its platform for transactions involving products that "present a risk to consumer

24  safety," "encourage, promote, facilitate or instruct others to engage in illegal activity," or "have a

25  high likelihood of being fraudulent," PayPal claimed that Mr. Wilkins's sale of pine needle tea

26  was a "restricted activity."  *Id.* at 68-69.  PayPal demanded $2,500 for each of Mr. Wilkins's sales

27

28  No. 13-1 at 73; Dkt. No. 13 ¶ 7 n. 1.

1  under a liquidated damages provision of its agreement, for a total of $380,000.  *Id.* at 70.

2    The case was arbitrated by an arbitrator appointed by the American Arbitration
3  Association.  Both parties moved for summary judgment on Mr. Wilkins's claims against PayPal.
4  Dkt. No. 13-1 at 49-52.  In addition, Mr. Wilkins moved to dismiss PayPal's counterclaim against
5  him, arguing that he had been cleared of any violations of PayPal's policies by the company's
6  internal proceedings and, as a result, PayPal's claims were barred by the doctrine of *res judicata*.
7  *Id.* at 52.

8    On February 23, 2023, the arbitrator issued an order, styled as "Rulings on Dispositive
9  Motions" and "Orders of Dismissal."  *Id.* at 29-33.  He granted PayPal's motion for summary
10 judgment on Mr. Wilkins's claims, denied Mr. Wilkins's cross-motion for summary judgment on
11 those same claims, and dismissed Mr. Wilkins's claims with prejudice.  *Id.* at 31-32.  The
12 arbitrator rejected Mr. Wilkins's choice of law arguments, stating "[t]here has been no showing
13 that the choice of law provision should be voided [and] [t]here has not been any legal challenge to
14 the Delaware clause as to unconscionability, estoppel, or waiver."  *Id.* at 32.  However, the
15 arbitrator also noted that "[t]he choice of law does not matter in this case" because there was "no
16 evidence of a violation of California or Nevada law."  *Id.*  After reviewing the emails Mr. Wilkins
17 claimed were spam, he determined that "[t]he email communications received by Wilkins were not
18 spam or advertising, but rather, were legitimate and reasonable communications with Wilkins
19 concerning his account and the trailing consequences of his internet sales. PayPal had no choice in
20 this regard, as they continued receiving payments from Wilkins's customers."  *Id.* at 31.

21   The arbitrator also denied Mr. Wilkins's motion to dismiss PayPal's counterclaim, stating
22 that "the legal requirements of [*res judicata*] have not been satisfied."  *Id.* at 32-33.

23   Finally, the arbitrator also purported to deny a "Motion for Summary Judgment supporting
24 its Counterclaim" by PayPal on the merits.  *Id.* at 33.  In so doing, he found that the liquidated
25 damages provision in PayPal's user agreement was "a penalty and cannot be enforced" and
26 dismissed the counterclaim with prejudice.  *Id.*

27   On March 10, 2023, PayPal filed a "Motion to Amend Dismissal Order and Dismiss its
28 Counterclaim."  *Id.* at 55-59.  PayPal pointed out that it had not filed a motion for summary

3

judgment on its counterclaim and asked the arbitrator to strike the section of his order rejecting the claim on the merits. *Id.* at 58. However, PayPal also stated that it was then dismissing the counterclaim with prejudice. *Id.*

On March 31, 2023, the arbitrator issued an order, styled as "Amended Rulings on Dispositive Motions" and "Amended Orders of Dismissal." *Id.* at 49-53. This order was substantially the same as the February 23, 2023 order, except that it omitted the arbitrator's findings on the merits of PayPal's counterclaim and stated instead that "[o]n March 10, 2023, PayPal dismissed its liquidated-damages Counterclaim with Prejudice." *Id.* at 53.

Mr. Wilkins filed an initial petition to vacate and correct the arbitration award on June 14, 2023 and an amended petition a week later on June 23, 2023. Dkt. Nos. 1, 13. In the operative petition, he requests that this Court review the arbitrator's decision de novo and award him $96,000 in damages for PayPal's violations of Cal. Bus. & Prof. Code § 17529.5(B)(ii), as well as costs of the action. Dkt. No. 13 at 10. In addition, Mr. Wilkins asks the Court to declare that the choice of law provision in PayPal's user agreement is unenforceable, that the liquidated damages provision is unlawful, and that he has a statutory right to opt out of spam emails. *Id.*

## II.  LEGAL STANDARD

Review of an arbitration decision is "limited and highly deferential." *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir.1996)). The FAA applies to "contract[s] evidencing a transaction involving commerce." 9 U.S.C. § 2. "When an agreement falls within the purview of the FAA, there is a strong default presumption that the FAA, not state law, supplies the rules for arbitration." *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066 (9th Cir. 2010) (cleaned up). "To overcome that presumption, parties to an arbitration agreement must evidence a 'clear intent' to incorporate state law rules for arbitration." *Id.*

Under the FAA, an arbitration award may be vacated: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

1  material to the controversy; or of any other misbehavior by which the rights of any party have
2  been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed
3  them that a mutual, final, and definite award upon the subject matter submitted was not made.  9
4  U.S.C. §§ 10(a)(1)-(4).

### III.  DISCUSSION

Citing California law, Mr. Wilkins asks the Court to vacate the arbitration award because the arbitrator exceeded his powers and refused to hear evidence material to the controversy.  Dkt. No. 13 ¶ 9.  PayPal argues that the FAA—not California law—applies to Mr. Wilkins's petition, that the petition fails to meet the FAA's standards for vacatur, and that the petition was not timely filed.  Dkt. No. 17 at 1.

The Court first addresses whether the FAA applies to this case.  Then, the Court considers whether Mr. Wilkins's petition to vacate is timely, and if so, whether Mr. Wilkins has established a basis to vacate the award.

#### A.  Governing Law

Mr. Wilkins cites the California Arbitration Act, Cal. C.C.P. §§ 1280 *et seq*. ("CAA"), as the basis for his petition to vacate.  Dkt. No. 13 ¶ 9.  PayPal argues that the FAA applies.  Dkt. No. 17 at 6.

The FAA applies to arbitration agreements in contracts affecting interstate commerce, regardless of whether the contract invokes the FAA or not.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111-12 (2001).  Mr. Wilkins does not appear to dispute that the PayPal user agreement is a contract affecting interstate commerce.  Moreover, he acknowledges that the PayPal user agreement provides that "the Federal Arbitration Act (FAA) governs the interpretation and enforcement of this Agreement to Arbitrate."  Dkt. No. 13 ¶ 5.

The Court agrees with PayPal that the FAA's standard for vacatur, not the CAA's, applies here.  *See Johnson*, 614 F.3d at 1067 (holding "where the FAA's rules control arbitration proceedings, a reviewing court must also apply the FAA standard for vacatur").

#### B.  Timeliness of Petition

The FAA requires that "[n]otice of a motion to vacate, modify, or correct an award must be

1    served upon the adverse party or his attorney within three months after the award is filed or

2    delivered." 9 U.S.C. § 12; *see also Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1251-52 (9th

3    Cir. 2018) (applying Rule 6(a) of the Federal Rules of Civil Procedure to calculate time). PayPal

4    argues that Mr. Wilkins missed this deadline. Dkt. No. 17 at 4. Mr. Wilkins disagrees. Dkt No.

5    18 at 2. Their dispute turns on whether the arbitrator's February 23, 2023 order or his March 31,

6    2023 order is the final arbitration award.

7        PayPal argues that February 23 order is the final award and that its March 10, 2023 motion

8    to amend that order simply requested the correction of a "clerical error." Dkt. No. 17 at 4-5; Dkt.

9    No. 13-1 at 55-59. Mr. Wilkins responds that the March 31 order "fundamentally changed what

10   the arbitrator had originally ruled" by withdrawing the arbitrator's findings on the merits against

11   PayPal and allowing the company to voluntarily dismiss its counterclaim against him without the

12   adverse findings. Dkt. No. 18 at 3.

13       "To be considered 'final,' an arbitration award must be intended by the arbitrator to be a

14   complete determination of every issue submitted." *Orion Pictures Corp. v. Writers Guild of Am.,*

15   *W., Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) (quoting *Millmen Local 550 v. Wells Exterior Trim*,

16   828 F.2d 1373, 1376 (9th Cir. 1987)) (cleaned up); *see also Aerojet Rocketdyne, Inc. v. Int'l*

17   *Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. CV 17-5122 PSG

18   (SKx), 2017 WL 9500948, at *4 (C.D. Cal. Nov. 27, 2017) (collecting cases). "Where an

19   arbitrator retains jurisdiction in order to decide a substantive issue the parties have not yet

20   resolved, this retention of jurisdiction indicates that the arbitrator did not intend the award to be

21   final." *Orion*, 946 F.3d at 724 (cleaned up).

22       Courts generally "infer [the arbitrator's] intent from the attributes of the award and

23   arbitration record." *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 321-22 (3d

24   Cir. 2021) (citing cases from several circuits, including the Ninth Circuit). In doing so, they may

25   "go beyond a document's heading and delve into its substance and impact to determine whether

26   the decision is final." *Chinmax Med. Sys. Inc. v. Alere San Diego, Inc.*, No. 10-cv-2467 WQH

27   (NLS), 2011 WL 2135350, at *5 (S.D. Cal. May 27, 2011) (quoting *Publicis Commc'n v. True N.*

28

*Commc'ns, Inc.,* 206 F.3d 725, 729 (7th Cir. 2000)).[3]

Here, both of the arbitrator's orders purport to finally dispose of all the claims in the arbitration. *See* Dkt. No. 13-1 at 29-33, 49-53. The parties appear to agree that the arbitrator made an error when he decided a summary judgment motion addressing the merits of PayPal's counterclaim that neither party had filed. Had the arbitrator not made this error, the counterclaim would have remained pending for later resolution, and the February 23 order would not have completely determined all claims in the arbitration. PayPal does not suggest that the arbitrator's disposition of Mr. Wilkins's claims *alone* would have started the clock running on either party's challenge to the disposition of those claims, while PayPal's counterclaim remained pending in the arbitration. As it happens, by voluntarily dismissing its counterclaim with prejudice, PayPal replicated the outcome of the arbitrator's erroneous decision, without the adverse factual findings.

In these unusual circumstances, the Court concludes that the arbitrator's March 31 order is the final arbitration award, and Mr. Wilkins's petition to vacate is therefore timely. This conclusion is consistent with the approach taken by other judges in this District in assessing the timeliness of a petition to vacate a corrected arbitration award, particularly where the petitioning party is proceeding *pro se*. *See Balan v. Tesla Motors Inc.*, No. 19-CV-00449-EMC, 2019 WL 1411223, at *1 (N.D. Cal. Mar. 28, 2019) (calculating deadline based on date of corrected award); *May v. Amgen, Inc.*, No. C 12-01367 WHA, 2012 WL 2196151, at *4 (N.D. Cal. June 14, 2012) ("[B]ecause plaintiff is pro se, and as a concession to the shortness of life, this Court will assume for the sake of argument that this civil action is timely and proceed to decide the case on the merits.").

**C.    Vacatur Under the FAA**

Mr. Wilkins asks the Court to review the arbitrator's award de novo and to decide the

---

[3] Some of the cases cited are decisions under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, rather than the FAA. However, "the federal courts have often looked to the FAA for guidance in labor arbitration cases and courts have also looked to LMRA Section 301 cases for guidance on the FAA." *PG Publ'g, Inc.*, 19 F.4th at 319 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n.9 (1987)) (cleaned up). *See also Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022 (9th Cir. 1991) (applying LMRA caselaw to determine whether an arbitration award was final under the FAA).

7

dispute in his favor on the merits. *See* Dkt. No. 13 at 8, 10 ("the Petitioner respectfully prays this Court, upon de novo review of this arbitration, grant [various forms of relief]"). This is not the Court's proper role in reviewing an arbitration award.

As explained above, a court may vacate an arbitration award only on the grounds enumerated in 9 U.S.C. § 10(a). *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). Acknowledging these limitations on the Court's review authority, Mr. Wilkins contends that the arbitrator exceeded his powers or otherwise erred by applying the choice of law provision in the PayPal user agreement without considering the merits of Mr. Wilkins's claims under California law. Dkt. No. 13 ¶¶ 9-10, 21; Dkt. No. 18 at 6-8. He also contends that the arbitrator refused to hear evidence material to the controversy. Dkt. No. 13 ¶ 9; Dkt. No. 18 at 9.

The Court considers each ground separately.

### 1. Whether the arbitrator exceeded his powers

A court may vacate an arbitration award "where the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). This review authority is "extremely limited" and "is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003).

An award may be vacated where it exhibits a manifest disregard of law or is completely irrational. *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022). "[M]anifest disregard . . . requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Id.* at 1240-41 (quoting *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009)). "To demonstrate manifest disregard, the moving party must show that the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Id.* at 1241. "There must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Id.* An award is "completely irrational" if it "ignores the controlling terms of the parties' contract." *Id.* However, this standard is not met if the decision reflects "a plausible interpretation" of the contract. *Id.*

8

Mr. Wilkins has not shown that the arbitrator disregarded applicable law or ignored controlling terms of the PayPal user agreement. With respect to the choice of law question, the arbitrator correctly observed that the user agreement specifies Delaware as the governing law, and his decision to apply that law—in the context of a dispute between a Delaware corporation and a user who does not reside in California—does not reflect a knowing or manifest disregard of any legal authority. Moreover, the arbitrator did not rest his decision on the application of Delaware law alone. Rather, he considered Mr. Wilkins's claims under California law (and Nevada law) on the merits, writing:

> Wilkins claims PayPal violated California and Nevada state laws pertaining to span. Even if these other states' laws applied to the relationship and communications between PayPal and Wilkins, since the communications sent to Wilkins were not advertising in any way, those statutes are not implicated. Also Wilkins'[s] breach of contract claim fails as a matter of law because there has been no showing PayPal breached any provision in the parties' agreement.

Dkt. No. 13-1 at 51; *see also id.* at 53 ("The choice of law does not matter in this case. There has been no evidence of a violation of California or Nevada law."). Mr. Wilkins may disagree with the arbitrator's decision, but he has not demonstrated that the arbitrator disregarded the law, or that his conclusions are irrational. To the contrary, the arbitrator's decision reflects a plausible application of California law.[4]

Accordingly, the Court concludes that the arbitrator did not exceed his powers by acting in manifest disregard of the law or rendering a completely irrational decision.

**2.  Whether the arbitrator refused to hear material evidence**

A court may vacate an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). A party seeking vacatur on this ground must, at a minimum, identify the evidence the arbitrator

---

[4] The California law provisions that Mr. Wilkins cites only bar the sending of "commercial e-mail advertisements," defined as "any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit." *See* Cal. Bus. & Prof. Code §§ 17529.1(c), 17529.2(a), 17529.5(a).

9

refused to hear and must demonstrate that the party has been prejudiced by that refusal. *See U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois*, 53 F. App'x 491, 492 (9th Cir. 2002); *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1174 (9th Cir. 2010).

Mr. Wilkins does not identify the material evidence he contends the arbitrator refused to hear. Dkt. No. 13 ¶¶ 9, 14-15; Dkt. No. 18 at 9. Instead, he argues that he "had no opportunity at discovery in this case." Dkt. No. 13 ¶ 15. PayPal points out that Mr. Wilkins agreed at the outset of the arbitration that no discovery was needed, as reflected in an August 4, 2022 "Preliminary Hearing Scheduling Order," which provides "[b]y agreement of the parties . . . [the] "Exchange of Documents and Discovery: None." Dkt. No. 17-2 at 2. At the hearing, Mr. Wilkins explained that he sought to reopen discovery after the parties filed dispositive motions. However, the only materials that he said he hoped to obtain through discovery were evidence showing he had attempted to opt out of email communications from PayPal by phone and evidence concerning PayPal's counterclaim against him.

This evidence could not be material to the controversy. It could not have affected the arbitrator's decision on Mr. Wilkins's claims, which turned on the nature of the communications PayPal sent to Mr. Wilkins and not whether he asked PayPal to stop sending them. Nor could the evidence have affected the ultimate resolution of PayPal's counterclaim, which was dismissed *with prejudice in Mr. Wilkins's favor*. In short, Mr. Wilkins has not shown that he was prejudiced by a lack of discovery or by the arbitrator's refusal to consider evidence.

**IV.  CONCLUSION**

For the reasons explained above, the Court denies Mr. Wilkins's petition to vacate the arbitration award.

**IT IS SO ORDERED.**

Dated: August 22, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge